IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JESSE DOYLE (J.D.) CLARK,<br><br>    Petitioner,<br><br>vs.<br><br>A. LYNN PAYNE,<br><br>    Respondent. | ORDER and MEMORANDUM DECISION<br><br><br><br><br>Case No. 2:08-CV-377 TC |

  Petitioner Jesse Doyle (J.D.) Clark is a currently awaiting trial on several criminal charges in the Eighth District Court for the State of Utah in Duchesne County. He filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in which he alleges that Utah has no jurisdiction to prosecute him because he is a member of a federally recognized Indian tribe and his alleged crimes occurred in Indian Country.[1] The Respondent, Judge A. Lynn Payne, contends in response that Mr. Clark is not a member of a federally recognized Indian tribe.

  For the reasons discussed below, the court finds that there is no merit to Mr. Clark's claim that he is a member of a federally recognized Indian tribe. Accordingly, Utah has jurisdiction to prosecute Mr. Clark for his alleged crimes. Mr. Clark's petition for *habeas corpus* relief is therefore DENIED.

---

[1] Because Mr. Clark believes that the Utah Supreme Court has ignored a Tenth Circuit decision concerning Indian Country boundaries that would be relevant to this case, he also characterizes his claim as one arising under 28 U.S.C. § 2283.

**BACKGROUND**

Mr. Clark has been charged by the State of Utah on various criminal counts, including attempted murder. Mr. Clark's trial on those allegations is currently pending in Utah's Eighth District Court in Duchesne County, with Judge Payne presiding. Mr. Clark contends that the state court has no jurisdiction over him because he belongs to a federally recognized Indian tribe and his alleged crimes happened in Indian country. In particular, Mr. Clark claims membership in what he characterizes as the "Uintah Band Indian Tribe." Mr. Clark's alleged crimes occurred at Rock Creek Ranch in Duchesne County, which Mr. Clark asserts is located inside the Uintah and Ouray Indian Reservation (the "Reservation").

In support of his claim that he is a member of an Indian tribe, Mr. Clark argues that his grandfather was a member of the Uintah Band. The Uintah Band was one of three Indian tribal bands that in 1937 formally merged into the Ute Indian Tribe of the Uintah and Ouray Reservation (the "Ute Tribe") under a tribal constitution. See United States v. Murdock, 132 F.3d 534, 540-41 (10th Cir. 1997). According to Mr. Clark, in 1956, the Ute Tribe, pursuant to a federal statute allowing the Tribe to terminate certain members, expelled over three-quarters of the members of what had been the Uintah Band, including Mr. Clark's grandfather. Mr. Clark maintains that by terminating such a large number of the Uintah Band's members, the Ute Tribe expelled the Uintah Band itself. Mr. Clark argues that the Ute Tribe did not have the power to dissolve the Uintah Band and despite (and because of) its expulsion from the Ute Tribe, the Uintah Band continued to exist as a separate federally recognized Indian tribe after 1956. Finally, Mr. Clark claims that he is a member of the Uintah Band.

Looking at Mr. Clark's assertion that the Rock Creek Ranch is on the Reservation, Mr. Clark maintains that any land within the Reservation's original boundaries that had not been

homesteaded under certain federal statutes should still be considered part of the Reservation. Mr. Clark contends that the Rock Creek Ranch never constituted a homestead and should therefore be considered part of the Reservation.

In December 2007, Mr. Clark moved the state court to dismiss the case against him, raising the same arguments he now raises here. The court denied the motion. On May 12, 2008, Mr. Clark filed his present *habeas corpus* petition in this court.[2]

## ANALYSIS

The crux of Mr. Clark's petition is that the Uintah Band is a federally recognized Indian tribe of which he is a member. But the Tenth Circuit Court of Appeal's decisions in United States v. Mudock, 132 F.3d 534 (10th Cir. 1997) and Hackford v. Babbit, 14 F.3d 1457 (10th Cir. 1994) negate Mr. Clark's arguments. First, Murdock explained that:

> The [Ute Tribe's 1937] Constitution thus makes clear that the Bands ceased to exist separately outside the Ute Tribe, that jurisdiction over what was formerly the territory of the Uintah Band was to be exercised by the Ute Tribe, and that the rights formerly vested in the Uintah Band were to be defined by the Ute Constitution and exercised by the Ute Tribe.

Murdock, 132 F.3d at 541. The court reads this passage as establishing that after 1937, the Uintah Band was no longer a separate entity of its own, but part of the Ute Tribe. This conclusion is reenforced by the Tenth Circuit's decision in Hackford, which stated that:

> [I]n June 1950, representatives of the members of the Uncompahgre, White River, and Uintah Bands signed a series of five tribal resolutions which completed the transition, which began with the Constitution, from loosely-knit bands to unified Ute Tribe.

---

[2] Because granting this petition would have the effect of halting an ongoing state criminal prosecution, the court considered abstaining from exercising jurisdiction over this petition. Counsel for Judge Payne has conceded, however, that it would be futile to require Mr. Clark to advance his arguments in state court, since Utah does not consider the Uintah Band to be a federally recognized Indian tribe and is unlikely to reverse itself on that issue. Accordingly, the court will address the merits of Mr. Clark's petition.

Hackford, 14 F.3d at 1461.  Mr. Clark's characterization of the Uintah Band as a "constituent band" of the Ute Tribe that retained political autonomy apart from the Ute Tribe as of 1956 is therefore incorrect.[3]  (Dkt. No. 6, Reply in Support of Petition for *Habeas Corpus* at 7-8.)

In this context, Mr. Clark's argument that Murdock and Hackford did not consider the effect of the Ute Tribe's 1956 expulsion of three-quarters of the Uintah Band is not persuasive. Mudock and Hackford establish that as of 1956, the Uintah Band no longer existed outside of the Ute Tribe.  And the Ute Tribe has the power to define its membership, which includes the ability to expel members, without review by a federal court.  As explained by Murdock:

> "A tribe's right to define its own membership for tribal purposes has long been recognized as central to its existence as an independent political community."  We are not at liberty to define tribal membership in a manner at odds with the Tribe's exercise of its sovereign right to do so.

Murdock, 132 F.3d at 540 (quoting Santa Clara Pueblo v. Martinez, 436 U.S. 49, 72 n.32 (1978)).

Mr. Clark makes several policy arguments about why it was a mistake for the Ute Tribe to expel such a large number of members of what had been the Uintah Band.  The court need not consider the merits of those arguments, since it is powerless to change the Tribe's decision even if it agreed with Mr. Clark.  The bottom line is that to the extent the Uintah Band still exists, it does so only within the Ute Tribe.  The Ute Tribe's decision to terminate most of the members of what had been the Uintah Band in 1956 did not place the Uintah Band into its pre-1937 status as a separate, federally recognized tribe.  Accordingly, there is no merit in Mr. Clark's claim of

---

[3] Mr. Clark's argument that the Ute Tribe appears to internally recognize the continued existence of the three bands, including the Uintah Band, does not change this conclusion.  How the Ute Tribe organizes itself and labels its members does not alter clear Tenth Circuit law.

membership in a federally recognized Indian tribe known as the Uintah Band.[4]

## CONCLUSION

For the reasons set forth above, Mr. Clark's petition under 28 U.S.C. § 2241 is DENIED.

SO ORDERED this 18th day of November, 2008.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief District Judge

---

[4] Having decided that Mr. Clark is a non-Indian, the court need not resolve the question of whether Mr. Clark's alleged crimes occurred in Indian Country. Mr. Clark' motion under 28 U.S.C. § 2283 involving Indian Country boundaries is accordingly moot.